```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**ELEANOR G. COLLINS**                                    **CIVIL ACTION**

**VERSUS**                                                **NO. 16-15648**

**WAFB, LLC, ET AL.**                                     **SECTION "B"(3)**

## ORDER AND REASONS

Before the Court is Defendant WAFB, LLC's ("WAFB") "Motion to Dismiss for Insufficient Service of Process." Rec. Doc. 6. Plaintiff Eleanor Collins timely filed a response. Rec. Doc. 7. As more fully explained below,

**IT IS ORDERED** that Defendant's motion to dismiss (Rec. Doc. 6) is **DENIED WITHOUT PREJUDICE**.

### I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of Plaintiff's allegedly false arrest on January 22, 2016. Rec. Doc. 1 at 2. The arrest was reported by WAFB, as well as Defendants Times Picayune, Bogalusa Daily News, and NOLA.com. *Id.* In her complaint, Plaintiff states that these news agencies failed to clarify that allegedly fraudulent checks totaling $27,000 were not issued from her personal account. *Id.* at 4. Specifically, Plaintiff states that

> It has harmed the reputation of the plaintiff, enabled [sic] employment and destroyed the plaintiff's credibility. The fact that the plaintiff was the owner and these were company checks was never documented it only gave the impression that the plaintiff wrote these checks out of her personal checking account and intentionally deceived Robertson Oil Company.

*Id.* at 4. According to Plaintiff, the charge was ultimately *nolle prossed*. *Id.* at 3. Thus, on October 18, 2016, Plaintiff filed suit against Defendants for libel, slander, defamation, assault, and violations of Section 230 of the Communications Decency Act and the First Amendment. *Id.* at 1.

## II. THE PARTIES' CONTENTIONS

In its motion to dismiss, WAFB claims that it is a limited liability company that was not properly served under the Federal Rules of Civil Procedure. Rec. Doc. 6-1 at 2. Instead, it contends that "Plaintiff attempted to serve WAFB with a summons and the complaint by mail on its registered agent." *Id.* Consequently, WAFB moves for dismissal under Federal Rule of Civil Procedure 12(b)(5). *Id.*

In response, *pro se* Plaintiff Collins reiterates some of the arguments made in her complaint, copies and pastes the content of Federal Rule of Civil Procedure 4 (as well as the amendments made thereto), and begins arguing the merits of her case. Rec. Doc. 7 at 3-9.

## III. LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(5), a party may move to dismiss a case for insufficient service of process. "In the absence of valid service of process, proceedings against a party are void." *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). "When

service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity." *Id.* (citing *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir. 1980)); *see also Wesenberg v. New Orleans Airport Motel Assocs. TRS, LLC*, 14-1632, 2015 WL 5599012, at *1 (E.D. La. Sept. 22, 2015). Nonetheless, "[t]he district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process . . . ." *George v. U.S. Dep't of Labor, Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986) (citing *C & L Farms v. Fed. Crop Ins. Corp.*, 771 F.2d 407 (8th Cir. 1985)).

Federal Rule of Civil Procedure 4 establishes the requirements for summons and service of process and section (h) provides that an unincorporated association must be served in one of two ways. First, it may be served in the manner prescribed for serving an individual under Rule 4(e)(1), which provides for service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." Fed. R. Civ. P. 4(h)(1)(A); 4(e)(1). Accordingly, under Louisiana law, a limited liability company must generally be served by personal service on any one of its agents for service of process. La. Code Civ. Proc. art. 1266(A). Second, Rule 4(h) provides that an unincorporated association may be served "by delivering a copy of

3

the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." FED. R. CIV. P. 4(h)(1)(B). Further, "[c]ourts have consistently held . . . that Rule 4(h)(1)(B)'s delivery requirement refers to personal service, not service by mail." *Wesenberg*, 2015 WL 5599012, at *2 (citing *Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir. 2000); *Technologists, Inc. v. MIR's Ltd.*, 725 F. Supp. 2d 120, 127 (D.D.C. 2010); *Hazim v. Schiel & Denver Book Grp.*, No. 12-1286, 2013 WL 2152109, at *2 (S.D. Tex. May 16, 2013); *Mettle v. First Union Nat'l Bank*, 279 F. Supp. 2d 598, 602 (D.N.J. 2003)).

Here, Plaintiff attempted to serve WAFB by mailing the summons and complaint to WAFB's registered agent. Rec. Doc. 6-1 at 2; Rec. Doc. 2 at 2-3. According to the Federal Rules and the case law, simply mailing the summons and complaint is not sufficient. *See Wesenberg*, 2015 WL 5599012, at *2. Even if the mailing was sufficient to give WAFB actual notice of the pending lawsuit, actual notice does "not operate as a substitute for process." *Ransom v. Brennan*, 437 F.2d 513, 519 (5th Cir. 1971); *see also Wesenberg*, 2015 WL 5599012, at *2 n. 8; *Price v. Hous. Auth. Of New Orleans*, 09-4257, 2010 WL 3802553, at *2 (E.D. La. Sept. 20, 2010). Consequently, Plaintiff's claims against WAFB are subject to dismissal for insufficient service of process under Rule 12(b)(5).

4

> Nonetheless, under Rule 4(m),
>
> > If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Here, Plaintiff filed her complaint on October 18, 2016. Rec. Doc. 1. Consequently, if the Court's calculations are correct, Rule 4(m) gives Plaintiff until as late as Monday, January 16, 2017 to perfect service. Thus, dismissal would be premature, especially because Plaintiff has attempted service and responded to this motion—evidencing an intent to actively pursue her claims. *See, e.g. W.J. Enters., Inc. of Jefferson v. Granwood Flooring, Ltd.*, 16-9492, 2016 WL 3746225, at *2 (E.D. La. July 13, 2016) (denying without prejudice defendant's motion to dismiss under Rule 12(b)(5) as premature, because plaintiff took steps to correct the service issue before the service deadline and the motion to dismiss was filed "a mere 42 days after suit was filed"); *Price v. Hous. Auth. Of New Orleans*, 09-4257, 2010 WL 2836103, at *2 (E.D. La. July 16, 2010) (noting that Plaintiff had repeatedly attempted to effect service of process and that "[w]hile he has made mistakes in attempting to serve defendants, he has not shown the kind of inaction that would justify dismissing his *pro se* complaint at this point").

5

**IV. CONCLUSION**

For the reasons outlined above,

**IT IS ORDERED** that Defendant's motion to dismiss (Rec. Doc. 6) is **DENIED WITHOUT PREJUDICE** to re-urge after the time to perfect service has expired. **Plaintiff is warned that failure to timely effect proper service may result in dismissal** (FED. R. CIV. P. 4(m)) and that unrepresented *pro se* parties, just like represented parties, are held accountable for complying with the Federal Rules of Civil Procedure and Local Rules of Court, along with Court orders (*see, e.g.* Fed. R. Civ. P. 41(b); *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986) (affirming dismissal of plaintiff's action for failure to prosecute after plaintiff's counsel failed to obey court orders); *Beard v. Experian Info. Sols. Inc.*, 214 F. App'x 459, 462 (5th Cir. 1981) (affirming sua sponte dismissal of a *pro se* plaintiff's action for failure to prosecute)).

New Orleans, Louisiana, this 16th day of December, 2016.

_____
SENIOR UNITED STATES DISTRICT JUDGE