UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ELEANOR G. COLLINS**                                    **CIVIL ACTION**

**VERSUS**                                                **NO. 16-15648**

**WAFB, LLC, ET AL.**                                     **SECTION "B"(3)**

ORDER AND REASONS

Before the Court is Defendant Times-Picayune L.L.C.'s ("Times-Picayune") "Motion to Dismiss for Insufficient Service of Process or, in the Alternative, for Failure to Serve." Rec. Doc. 25. Plaintiff Eleanor Collins timely filed a response. Rec. Doc. 26. Defendant then requested (Rec. Doc. 31), and was granted (Rec. Doc. 33), leave to file a reply memorandum (Rec. Doc. 34). As more fully explained below,

**IT IS ORDERED** that Defendant's motion to dismiss (Rec. Doc. 25) is **DENIED WITHOUT PREJUDICE.**

I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

As previously discussed, this case arises out of Plaintiff's arrest on January 22, 2016. Rec. Doc. 1 at 2. The arrest was reported by Defendants Times-Picayune, WAFB, LLC ("WAFB"), and Bogalusa Newsmedia, LLC. *Id.* In her complaint, Plaintiff states that these news agencies failed to clarify that allegedly fraudulent checks totaling $27,000 were not issued from her personal account. *Id.* at 4. Specifically, Plaintiff states that

> It has harmed the reputation of the plaintiff, enabled employment [sic] and destroyed the plaintiff's

> credibility. The fact that the plaintiff was the owner and these were company checks was never documented it only gave the impression that the plaintiff wrote these checks out of her personal checking account and intentionally deceived Robertson Oil Company.

*Id.* at 4. According to Plaintiff, the charge was ultimately *nolle prossed*. *Id.* at 3. Thus, on October 18, 2016, Plaintiff filed suit against Defendants for libel, slander, defamation, assault, and for violations of Section 230 of the Communications Decency Act and the First Amendment. *Id.* at 1.

In an earlier motion to dismiss for insufficient service, this Court noted that Plaintiff attempted to serve Defendant WAFB, a limited liability company, by mailing the summons and complaint to WAFB's registered agent. Rec. Doc. 20 at 4. However, this Court recognized that service by mail was insufficient and that Plaintiff's claims were therefore subject to dismissal under Federal Rule of Civil Procedure 12(b)(5). *Id.* (citing *Wesenberg v. New Orleans Airport Motel Assocs. TRS, LLC*, No. 14-1632, 2015 WL 5599012, at *2 (E.D. La. Sept. 22, 2015). However, we also recognized that the time for service under Rule 4(m) did not expire until January 16, 2017 and that Plaintiff, by responding to the motion, evidenced an intent to actively pursue her claims. *Id.* at 5 (citations omitted). Accordingly, on December 16, 2016, we denied the motion to dismiss without prejudice, but warned Plaintiff that failure to properly effect service within the applicable time period could result in dismissal. *Id.* at 6 (citations omitted).

2

## II. THE PARTIES' CONTENTIONS

In its motion to dismiss, Defendant Times-Picayune argues that Plaintiff failed to properly effect service within the time limits permitted by Rule 4, that any extension of time to allow proper service would be futile, and that Plaintiff's claims should therefore be dismissed. Rec. Doc. 25 at 1.

In response, *pro se* Plaintiff Collins recognizes that her first attempt to serve Defendant was improper. Rec. Doc. 26 at 2. However, she claims that she properly served Defendant on January 10, 2017 and even videotaped this attempt at service. *Id.* at 1-2.

## III. LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(5), a party may move to dismiss a case for insufficient service of process. "In the absence of valid service of process, proceedings against a party are void." *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). "When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity." *Id.* (citing *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir. 1980)); *see also Wesenberg*, 2015 WL 5599012, at *1. Nonetheless, "[t]he district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process . . . ." *George v. U.S. Dep't of Labor, Occupational*

3

*Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986) (citing *C & L Farms v. Fed. Crop Ins. Corp.*, 771 F.2d 407 (8th Cir. 1985)).

Federal Rule of Civil Procedure 4 establishes the requirements for summons and service of process and section (h) provides that an unincorporated association must be served in one of two ways. First, it may be served in the manner prescribed for serving an individual under Rule 4(e)(1), which allows for service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." FED. R. CIV. P. 4(h)(1)(A); 4(e)(1). Accordingly, under Louisiana law, a limited liability company must generally be served by personal service on any one of its agents for service of process. LA. CODE CIV. PROC. art. 1266(A). Second, Rule 4(h) provides that an unincorporated association may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." FED. R. CIV. P. 4(h)(1)(B). Further, "[c]ourts have consistently held . . . that Rule 4(h)(1)(B)'s delivery requirement refers to personal service, not service by mail." *Wesenberg*, 2015 WL 5599012, at *2 (citing *Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir. 2000); *Technologists, Inc. v. MIR's Ltd.*, 725 F. Supp. 2d 120, 127 (D.D.C. 2010); *Hazim v. Schiel & Denver Book Grp.*, No. 12-1286, 2013 WL 2152109, at *2

4

(S.D. Tex. May 16, 2013); *Mettle v. First Union Nat'l Bank*, 279 F. Supp. 2d 598, 602 (D.N.J. 2003)). Personal service on someone other than the registered agent is also considered insufficient. *See, e.g. Matthews v. Int'l House of Pancakes, Inc.*, No. 07-2869, 2008 WL 217173, at *4 (E.D. La. Jan. 23, 2008) (dismissing claims for insufficient service of process where the plaintiff attempted to serve the corporate owner of IHOP Restaurants by delivering a copy of the summons and complaint to the general manager at a particular IHOP Restaurant).

>  Rule 4(m) further provides that
>
>  If a defendant is not served within 90 days after the complaint is filed, the court . . . <u>must dismiss the action without prejudice against that defendant or order that service be made within a specified time</u>. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

F<small>ED</small>. R. C<small>IV</small>. P. 4(m) (emphasis added). "The 'general rule' is that 'when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.'" *Rhodes v. J.P. Sauer & Sohn, Inc.*, 98 F. Supp. 2d 746, 750 (W.D. La. 2000) (quoting *Gregory v. U.S./U.S. Bankr. Court for Dist. of Colo.*, 942 F.2d 1498, 1500 (10th Cir. 1991) (quoting *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983))) (some quotation marks omitted).

Here, Defendant is a limited liability company subject to Rule 4(h). Defendant argues that its registered agent, counsel for Defendant, originally received a copy of the summons and complaint by certified mail on October 20, 2016. Rec. Doc. 25-1 at 2 (citing Rec. Doc. 3). As we previously held on December 16, 2016, service by mail on an unincorporated association is insufficient. *See* Rec. Doc. 20 at 4 (citations omitted). Thereafter, Plaintiff attempted to serve Defendant by personally delivering a copy of the summons and complaint to the office of Defendant's registered agent. Rec. Doc. 25-1 at 2 (citing Rec. Doc. 23-1 at 4). The registered agent was apparently out of the state on the day that Plaintiff attempted personal service, so the summons and complaint were left with an administrative employee of her law firm. *Id.* (citing Rec. Docs. 25-2, 25-3).[1] According to Defendant, no other attempts at service have been made. *Id.*

Plaintiff submitted a DVD to the Court that purportedly showed that the registered agent's secretary informed the process server that she could accept service on the registered agent's behalf. Rec. Doc. 26 at 1-2. The Court reviewed the video. On it, a receptionist is heard saying that a document had "Lori's name on

---

[1] Rec. Docs. 25-2 and 25-3 contain affidavits of Loretta G. Mince, Defendant's registered agent and counsel, and Carla C. Mayer, providing (1) that Ms. Mince was out of the state on January 10, 2017 and was never personally served in this matter as the registered agent for Defendant and (2) Ms. Mayer was personally served with a summons and complaint in this matter on January 10, 2017, even though she is not the registered agent for Defendant.

6

it, but Lori's not here." Another woman, later identified in the video by the receptionist as Carla Mayer (Loretta Mince's secretary), enters the frame and informs the process server that she can make a copy of the documents and sign them. At no point does Ms. Mayer state that she is Defendant's registered agent for service of process.

In *O'Meara v. New Orleans Legal Assistance Corporation*, the plaintiff was supposed to serve an individual and a corporation. No. 90-4893, 1991 WL 110401, at *1 (E.D. La. June 10, 1991). The individual happened to also be the registered agent for service of process for the corporation. *Id.* Approximately sixty days after the complaint was filed, the court issued a minute entry informing the parties of the consequences of failing to properly serve the defendants. *Id.* at 1. On the 120th day after the complaint was filed, the plaintiff attempted service. *Id.* Specifically, the process server went to the corporation's offices in an attempt to serve the individual, who was at lunch at the time. *Id.* at 2. Instead, the receptionist paged another employee, who accepted service. *Id.* The plaintiff argued that the employee "represented herself as empowered to receive service, and therefore, that service on [her] was sufficient." *Id.* at 1. The court granted the motion to dismiss, noting that the "plaintiff waited until the final day allowable for service, and when [the individual] was unavailable, served a person who did not have power to receive

7

service on behalf of [the individual] or [the corporation]." *Id.* at 5.

According to the Federal Rules and precedent, service upon Ms. Mayer was not sufficient. Quite simply, she is not Defendant's registered agent for service of process.

Because Defendant was not properly served within Rule 4(m)'s ninety-day deadline, which expired on January 16, 2017, Defendant argues that Plaintiff's claims should be dismissed for failure to serve. Rec. Doc. 25-1 at 5. Further, Defendant urges this Court to refrain from giving Plaintiff additional time, because Plaintiff's complaint fails to state a valid claim. *Id.* at 6. Specifically, under Louisiana law, falsity is an essential element of a defamation claim and must be proven by the plaintiff. *Id.* (citing *Navis v. Times-Picayune Pub. Corp.*, 92-2656 (La. App. 4 Cir. 1/27/94); 631 So. 2d 1338, 1339 ("In order to prevail in a case of defamation under the Louisiana law, the plaintiff must prove five elements: defamatory words; publication; falsity; malice, actual or implied, and resultant injury") (citations omitted); *Hines v. Ark. La. Gas Co.*, 613 So. 2d 646, 651 (La. App. 2 Cir.), *writ denied,* 617 So. 2d 932 (La. 1993) (same) (citations omitted); *Easter Seal Soc. for Crippled Children & Adults of La., Inc. v. Playboy Enters., Inc.*, 530 So. 2d 643, 649 (La. App. 4 Cir.), *writ denied sub nom.*, 532 So. 2d 1390 (La. 1988) (same) (citations omitted); *Cavalier v. Houma Courier Newspaper Corp.*, 472 So. 2d

274, 276 (La. App. 1 Cir. 1985) ("The plaintiff in a defamation case must bear the considerable burden of showing that he can produce sufficient evidence at trial to prove with convincing clarity that the defendant made false statements in the news article and that he either knew the statements were false or that he recklessly disregarded the question of their falsity") (citations omitted)). According to Defendant, Plaintiff conceded in her complaint that she was arrested and, because Defendant merely reported that Plaintiff was arrested for allegedly issuing worthless checks, Plaintiff will not be able to prove falsity. *Id.* at 6.

Plaintiff only briefly responds to this argument, repeating that the article published by Defendant failed to note that she was "nolle prosse[d]." Rec. Doc. 26 at 1.

In *Atchison v. U.S. District Courts*, the *pro se* plaintiff attempted to serve the defendants two hundred and nineteen days after she filed her complaint, long after the expiration of the 120-day clock previously provided for in Rule 4(m). 190 F. Supp. 3d 78, 90-91 (D.D.C. 2016). She claimed that she repeatedly contacted the court in various attempts to issue the summonses. *Id.* at 91. Nonetheless, the court found that the *pro se* plaintiff's attempts to serve process were untimely. *Id.* at 84. However, because the plaintiff was not previously warned of the consequences of failing to perfect service "and because it is clear that all

9

the [d]efendants appearing received actual notice," the court elected <u>not</u> to dismiss the plaintiff's complaint for the service defect. *Id.* at 92. Instead, the court noted that it "would typically grant an extension of time for [the plaintiff] to attempt to perfect service." *Id.* Significantly, the defendants moved to dismiss the claims under both Rule 12(b)(5) for insufficient service and 12(b)(6) for failure to state a claim. *Id.* at 86. Thus, after analyzing the parties' arguments under 12(b)(6), the court ultimately found that "an extension would be futile here because . . . the Complaint fails to state a claim upon which relief can be granted." *Id.* at 84. Not only was the court fully briefed on the 12(b)(6) issue, a court in the district previously considered and dismissed the plaintiff's claims. *Id.* at 94. Accordingly, the court granted the defendants' motions to dismiss pursuant to Rule 12(b)(6). *Id.*

Unlike the court in *Atchison*, this court was not fully briefed on whether or not Plaintiff's complaint failed to state a claim upon which relief could be granted. Defendant did not file a separate motion to dismiss under 12(b)(6). Rather, Defendant asks this Court to dismiss under 12(b)(5), instead of giving Plaintiff additional time to perfect service, based solely on Defendant's two-paragraph argument that additional time would be futile.

In *Smith v. Womans Hospital*, the plaintiff attempted to serve a corporation by mailing a copy of the summons and complaint via

10

FedEx to the entity's corporate predecessor. No. 14-500, 2015 WL 2357127, at *2 (M.D. La. May 15, 2015). The delivery was left with a receptionist, who the plaintiff argued was an agent of the corporation, and a corporate employee signed for the delivery. *Id.* The court recognized that a registered agent is a person with "actual authorization from the entity sought to b[e] served" and that "apparent authority is insufficient." *Id.* at 3 (quoting *Fyfee v. Bumbo Ltd.*, No. 09-0301, 2009 WL 2996885, at *1 (S.D. Tex. Sept. 16, 2009); *O'Meara*, 1991 WL 110401, at *3) (internal quotation marks removed). The defendant argued that additional time should not be provided, because the plaintiff was previously given specific information regarding how to effect proper service. *Id.* at 2. Ultimately, however, the court denied the motion to dismiss and afforded the plaintiff an additional fourteen days within which to perfect service. *Id.* at 4. *See also Richard v. City of Port Barre*, No. 14-2427, 2015 WL 566896, at *1 (W.D. La. Jan. 20, 2015) (denying a motion to dismiss for insufficient service of process and affording the plaintiffs an additional twenty-one days within which to perfect service).

   Here, Plaintiff attempted to serve Defendant on two separate occasions, both within the ninety-day deadline provided by Rule 4. After this Court's earlier Order, informing Plaintiff that service by mail was insufficient, she attempted to personally serve Defendant's registered agent for service of process. The agent was

11

unavailable and the process server incorrectly assumed that service upon the agent's secretary would be sufficient. As we noted in our earlier Order, Plaintiff has clearly evidenced an intent to actively pursue her claims. Rec. Doc. 20 at 5 (citing *W.J. Enters., Inc. of Jefferson v. Granwood Flooring, Ltd.*, No. 16-9492, 2016 WL 3746225, at *1 (E.D. La. July 13, 2016); *Price v. Hous. Auth. of New Orleans*, No. 09-4257, 2010 WL 2836103, at *2 (E.D. La. July 16, 2010) (giving the plaintiff an additional twenty days to effect service after noting that the plaintiff made multiple attempts to effect service and that, "[w]hile he has made mistakes in attempting to serve defendants, he has not shown the kind of inaction that would justify dismissing his *pro se* complaint at this point"). However, Plaintiff's ongoing unsuccessful attempts may not warrant additional extensions after another failure to comply with federal and local rules.

## IV. CONCLUSION

For the reasons outlined above,

**IT IS ORDERED** that Defendant's motion to dismiss (Rec. Doc. 25) is **DENIED WITHOUT PREJUDICE** to re-urge;

**IT IS FURTHER ORDERED** that Plaintiff either obtain a waiver of service from Defendant or, failing that, properly serve Defendant (and any other Defendant who has not yet been properly served) and file proof of service within **twenty-one (21) days** from the date of this Order. Again, Plaintiff is warned that it is her

12

responsibility to properly serve Defendants (Fed. R. Civ. P. 4(c)(1)) and **that her failure to timely effect proper service within the twenty-one day deadline will result in dismissal of all claims asserted against any Defendant who has not been properly served**. As we reminded Plaintiff in our earlier Order, *pro se* parties, like represented parties, must comply with court rules and orders. *See, e.g.* Fed. R. Civ. P. 41(b); *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986); *Beard v. Experian Info. Sols. Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007).

    New Orleans, Louisiana, this 9th day of March, 2017.

                                    SENIOR UNITED STATES DISTRICT JUDGE